IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| JAMES R. SKRZYPEK, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) No. 13-cv-8986 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, James R. Skrzypek, filed a Complaint against the Federal Bureau of Investigation ("FBI") alleging that the FBI refused to release documents in violation of the Freedom of Information Act ("FOIA") 5 U.S.C. § 552. FBI moves for summary judgment [31], asserting that it has complied with Skrzypek's document request, conducted a reasonable search, and released all responsive documents.[1] For the reasons set forth below, the Court grants the motion.

**Background**

Local Rule 56.1 mandates the procedure for submitting and responding to motions for summary judgment. In accordance with LR 56.2, the FBI filed and tendered to Skrzypek a Notice to Pro Se Litigants Opposing Summary Judgment. Skrzypek failed to comply with LR 56.1(b)(3) by responding with citations to the record to the FBI's Statement of Undisputed Material Facts and therefore the Court deems admitted those facts contained in the FBI's LR 56.1(a)(1)(3) Statement of Undisputed Material Facts. *See e.g., Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 630 (7th Cir. 2010).

---

[1] Skrzypek did not file any response to the FBI's motion for summary judgment or supporting documents and memorandum of law despite the Court granting an extension to the briefing schedule. Skrzypek did seek to voluntarily dismiss the case without prejudice. The Court denied the request based in part on the FBI's objection to dismissal without prejudice in light of the pending motion for summary judgment.

1

The following facts are undisputed for purposes of ruling this motion. Skrzypek submitted a FOIA request to the FBI on December 4, 2012, seeking "documents, having to do in any way, with documents bearing the signature of John Burke, that were signed at my home at 7620 West Foster Avenue, Chicago, Illinois 60656, on July 23, July 24, and/or July 25 1997." Attached to the request was a DOJ-361 Certification of Identity Form containing Skrzypek's identifying information and a signed perjury statement attesting to his identity. (Dkt. 33, Def.'s L.R. 56.1(a) Statement of Material Facts, at ¶ 5). On December 19, 2012, the FBI sent Skrzypek a letter acknowledging receipt of the request and assigned it Number 1204754. The letter also advised Skrzypek that the FBI was searching the indices to its Central Records System for information responsive to the request. (*Id.* at ¶ 6).

On April 12, 2013, the FBI released one page to Skrzypek in response to his request. The FBI advised Skrzypek that information had been redacted on this one page pursuant to FOIA Exemptions U.S.C. § 522(b)(6) and (b)(7)(C). (*Id.* at ¶ 7). Skrzypek's administrative appeal pursuant to FBI FOIA procedures was unsuccessful.

Skrzypek amended and resubmitted his request on July 27, 2013, with a signed privacy waiver from John Burke and a DOJ-361 Certification of Identity Form executed by John Burke attesting to his identity and authorizing the release of information to Skrzypek. (*Id.* at ¶ 9). Skrzypek then sought to compel a response to his amended request by filing a Complaint in the district court, alleging that he constructively exhausted his administrative remedies. (*Id.* at ¶ 10). The FBI informed Skrzypek that he had used the two hours of free search time allotted under FOIA, and that he would have to pay for the additional search time pursuant to 28 C.F.R. § 16.11(c)(1) for the FBI to continue its search. Skrzypek paid the search fees.

On September 3, 2014, the FBI released 338 pages in whole or in part of a total of 372 pages it had searched. On October 16, 2014, the FBI informed Skrzypek that it had finished searching

through all sections and sub-files of Skrzypek's investigative file, 46-CG-92714 and no additional responsive records were located. Skrzypek paid for all of the additional search time required to fulfill his request. (*Id.* at ¶ 15).

The FBI maintains a Central Records System ("CRS") that enables it to store information that it has acquired in the course of fulfilling its mandated law enforcement responsibilities. (*Id.* at ¶ 18). Although the CRS is primarily designed to serve as an investigative tool, the FBI searches the CRS for documents that are potentially responsive to FOIA requests. The FBI retrieves information from the CRS through an automated search system that has general indices arranged alphabetically. The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the FBI Special Agent and sometimes support employees assigned to an investigation. The FBI does not index every name in its files. (*Id.* at ¶ 22). The general indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or individual, such as John Burke. (*Id.*).

In response to Skrzypek's FOIA request the FBI searched its CRS using "ACS/UNI" to locate records indexed to the names James R. Skrzypek and John Burke.[2] The FBI conducted these searches utilizing a three-way phonetic breakdown of the names James R. Skrzypek and John Burke, to include the variations of "Skrzypek, James" and "Burke, J." The FBI also limited the searches to the time frame specified in Skrzypek's request. (*Id.* at ¶ 23). The searches revealed a Chicago Field Office investigative file pertaining to fraud against the government indexed to James R. Skrzypek (46-CG-92714). The FBI then hand-searched the file to locate documents pertaining to Skrzypek's specific request. The page-by-page manual search located a sub-file dealing with John Burke's signing of forfeiture documents on the dates and location specified in the request. (*Id.* at ¶ 24).

---

[2] ACS/UNI refers to the Automated Case Support System Universal Index. UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases. UNI is an index of approximately 109.5 million records.

The FBI halted its search after locating the sub-file because it believed that the sub-file contained all the responsive records requested by Skrzypek and that further searching was unlikely to locate additional responsive records. (*Id.* at ¶ 25). The FBI processed the sub-file, consisting of 372 pages, and released 338 pages to Skrzypek in full or in part. Of the 372 processed pages, two contained John Burke's signature between the dates of July 23 and 25, 1997. (*Id.* at ¶ 26). These two pages were released in full to Skrzypek, with one employee's name redacted. Additionally, the FBI processed and disclosed the remaining 370 pages, which did not contain John Burke's signature from July 23-25, 1997. (*Id.* at ¶ 26).

Following release of the sub-file to Skrzypek, counsel for the FBI consulted with him concerning his FOIA requests. Skrzypek contended that the sub-file did not contain all the responsive records and requested the FBI continue its search. (*Id.* at ¶ 27). Since the FBI had only located one file indexed to Skrzypek's name and no main files or cross-references responsive to John Burke, the FBI concluded that any additional records responsive to Skrzypek's request could only reasonably be expected to be located within 46-CG-92714, the file indexed to Skrzypek's name. The FBI then completed a line-by-line, hand search of all sections and sub-files of the 46-CG-92714 not previously searched in an attempt to locate additional responsive records. No additional records responsive to the request were found. (*Id.* at ¶ 28).

**Legal Standard**

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper where the pleadings, depositions, admissions and affidavits demonstrate that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. *Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). When considering a summary judgment motion, the Court construes the facts and all reasonable inferences in the light most favorable to the non-moving party. *Abdullahi v. City of Madison*, 423 F. 3d 763, 773 (7th Cir. 2005). A party who bears

4

the burden on any issue may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact to resolve through trial. *Celotex Corp.,* 477 U.S. at 324; *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). Failure to respond to a motion for summary judgment does not result in an automatic grant of the motion; the Court still evaluates the facts in the light most favorable to the non-moving party. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009).

**Discussion**

The FBI moves for summary judgment in its favor, asserting that it is entitled to judgment as a matter of law because it has conducted reasonable, good-faith searches for responsive records, and thus complied with its FOIA obligations. The undisputed facts support the FBI's position.

In order to obtain summary judgment, the FBI must show that it made a good faith effort to conduct a search for the requested records. *Patterson v. IRS*, 56 F.3d 832, 841 (7th Cir. 1995); *Oglesby v. United States Dept. of the Army*, 287 U.S. App. D.C. 126, 920 F.2d 57, 68 (D.C. Cir. 1990). Courts evaluate the adequacy of the search for reasonableness "in light of the specific request." *Patterson*, 56 F.3d at 841. The FBI may establish the reasonableness of its search through affidavits that provide a reasonably detailed description of its search method and procedures. *Id.*

Here, the FBI has presented affidavits and documentation of its searches conducted in response to Skrzypek's request. The record specifically describes the manner of search conducted including the indices and search terms used. Further, the FBI presents evidence that it conducted page by page hand searches of the files and sub-files it believed potentially responsive to Skrzypek's request. When Skrzypek requested additional searches, the FBI searched the related file and sub-file. This Court believes, and Skrzypek presents no evidence to refute, that the search undertaken by the FBI was reasonably calculated to uncover all relevant documents. *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1328 (9th Cir. 1995) (quoting *Zemansky v. E.P.A.*, 767 F.2d 569, 571 (9th Cir.

1985)). "[T]he issue is not whether other documents may exist, but rather whether the search for undisclosed documents was adequate." *In re Wade*, 969 F.2d 241, 249 n.11 (7th Cir. 1992). Accordingly, this Court finds that the FBI's search was adequate and it met its obligations under FOIA to make a good-faith effort to locate records responsive to the request.

**Conclusion**

Based on the foregoing, defendant FBI's motion for summary judgment [31] is granted. Civil case terminated.

IT IS SO ORDERED.

Entered:

Dated: July 23, 2015

SHARON JOHNSON COLEMAN
United States District Judge